# EXHIBIT A

# EXHIBIT A

Electronically Filed
09/17/2013 11:46:49 AM

CLERK OF THE COURT

1 | **ACOM**
JAMES E. WHITMIRE, ESQ.
2 | Nevada Bar No, 6533
jwhitmire@santoronevada.com
3 | SANTORO WHITMIRE
10100 West Charleston Blvd., Ste. 250
4 | Las Vegas, Nevada 89135
Telephone:    702/948-8771
5 | Facsimile:    702/948-8773

6 | *Attorneys for Plaintiff*

7 |

8 | **DISTRICT COURT**

9 | **CLARK COUNTY, NEVADA**

10 | LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,                                  Case No.:  A-13-682400-C
11 |                                          Dept. No.: XXVIII
                    Plaintiff,
12 |                                          **EXEMPTION FROM ARBITRATION:**
          v.
13 |                                          *EQUITABLE AND DECLARATORY*
HARRIS CORPORATION, M/A COM, INC.,           *RELIEF REQUESTED, AND*
14 | TE CONNECTIVITY LTD., TE                 *DAMAGES EXCEED $50,000*
CONNECTIVITY INC., TE CONNECTIVITY
15 | NETWORKS, INC., TYCO ELECTRONICS
CORPORATION, TYCO ELECTRONICS,
16 | LTD. and DOES 1-25, inclusive,

17 |                    Defendants.

18 |

19 |              **AMENDED COMPLAINT**[1]

20 |      LAS VEGAS METROPOLITAN POLICE DEPARTMENT, by and through its attorneys

21 | of record of the law firm Santoro Whitmire, as and for its Complaint, alleges as follows:

22 |      1.     LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD" or

23 | "Plaintiff") is an entity doing business in Nevada.

24 |      2.     HARRIS CORPORATION ("Harris") is an entity which contracted to do business

25 | with LVMPD in the State of Nevada.  Harris includes Harris Corporation and any of its

26 | divisions, including but not limited to its RF Communications Division.

27 |

28 | _____

[1] Various forms of alternative claims for relief are contained herein.

SANTORO WHITMIRE
10100 West Charleston Blvd., Suite 250 Las Vegas, Nevada 89135
(702) 948-8771 - fax (702) 948-8773

3.      M/A COM, INC is an entity which contracted to do business with LVMPD in the State of Nevada.  M/A COM, INC. includes any of its divisions, successors and/or any other entity that may be legally and/or financially responsible for transactions occurring with LVMPD (including but not limited to TE CONNECTIVITY LTD., TE CONNECTIVITY INC., TE CONNECTIVITY NETWORKS, INC., TYCO ELECTRONICS CORPORATION AND/OR TYCO ELECTRONICS, LTD.) .  All persons or entities encompassed in this paragraph shall be collectively referred to as "M/A COM" for ease of reference.

4.      The true names and capacities, whether individual, corporate, associate or otherwise of legally responsible defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff believes that each defendant named as a DOE is legally responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiff as alleged herein.  The DOE defendants include, but are not necessarily limited to, any misidentified defendants.

5.      Hereinafter, reference to "Defendants" includes all defendants, unless otherwise specifically stated.

6.      Prior to 2005, LVMPD came to the conclusion that the radio communication system it had been using for a number of years needed to be replaced.

7.      In July 2005, LVMPD began to formally explore the replacement of the radio system it had been utilizing.

8.      A notice was published which invited companies to make proposals concerning the replacement of the radio system.

9.      M/A COM  thereafter submitted a proposal to replace LVMPD's radio system. The comprehensive proposal described a state of the art radio system that would, among other things, provide redundancies, reliability, maintainability and interoperability.  The proposal was voluminous and contained detailed representations and statements that were material to the decision to purchase a radio system from M/A COM.

- 2 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

10.     After M/A COM submitted its proposal, authorization was provided to allow negotiations to occur with M/A COM for a new radio system infrastructure that would support, among other things, all voice and low speed data communications for LVMPD's users.

11.     A contract between M/A COM and LVMPD was ostensibly entered into in 2006 pertaining to a radio system infrastructure, which incorporated M/A COM's proposal.

12.     It took several years for the radio system infrastructure to be built. Among other things, towers had to be constructed at various remote sites in or about the Las Vegas Valley.

13.     In 2009, an assignment occurred between M/A COM to Harris whereby Harris assumed M/A COM's contractual duties, warranties and/or other obligations.

14.     In addition to entering into a contract pertaining to the radio system infrastructure, which was to serve as the back-bone for LVMPD's communication system, LVMPD agreed to purchase thousands of mobile and hand-held radios for use by officers in the field. Most of the radios were purchased from Harris. However, over a million dollars was spent on radios purchased from M/A COM.

15.     LVMPD has expended tens of millions of dollars associated with the radio infrastructure system and radios.

16.     LVMPD also ostensibly entered into a contract with Harris for the purchase of new radio dispatch consoles and a recording system to, among other things, facilitate communications between LVMPD's dispatch and police officers in the field.[2]

17.     Over $3 million was committed with respect to the consoles and recording system.

18.     Several million dollars have also been spent with respect to ancillary software and maintenance agreements with Defendants.

19.     Testing has occurred at various times with respect to the radio system infrastructure, radios, console and recording system.

---

[2] Harris selected and sub-contracted with a third-party, Exacom, to supply a portion of the system; namely, the recording system.

- 3 -

20.     Extensive problems have been encountered with respect to the radio system infrastructure, radios, consoles and/or the recording system.

21.     Defendants have been informed of the problems.

22.     Harris is fully aware of, and has acknowledged the problems and has been given multiple opportunities to rectify the problems.

23.     Harris has made repeated attempts to address the problems over a prolonged period of time.

24.     LVMPD's reports of problems have been met with repeated assurances by Harris that the problems would be rectified.

25.     Harris has repeatedly assured LVMPD that the radio system infrastructure, radios, consoles and recording system would ultimately be able to perform as originally expected.

26.     LVMPD has afforded Harris reasonable opportunities to cure the problems associated with the radio system.

27.     LVMPD has reasonably waited for the Harris to rectify the problems.

28.     LVMPD's testing and use of the radio systems, radios, consoles and recording system have been premised on Defendants' unsuccessful attempts at repair and repeated assurances that the entire system would ultimately perform as expected.

29.     LVMPD has not yet accepted the radio system infrastructure, radios, consoles and/or recording system.

30.     The problems have been so pervasive that final testing and acceptance of the communication system has not occurred.

31.     To the extent that acceptance could be deemed to have occurred, LVMPD has revoked its acceptance.

32.     Defendants' have substantially failed to fulfill their obligations through no fault of LVMPD by, among other things, failing to deliver and implement a fully functioning communication system to LVMPD.

33.     The communication system is effectively useless as a result of the breaches by Defendants.

- 4 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

34.     Given the frequency and magnitude of the problems, LVMPD has been forced to seek an alternative vendor which is capable of providing a fully functioning communication system to LVMPD.

35.     LVMPD has sustained and/or will likely continue to sustain damages as a result of the non-conforming systems delivered by Defendants.[3]

36.     In connection with the lack of acceptance and/or revocation of acceptance, LVMPD is entitled to a return of all monies expended in connection with the purchase of the radio system infrastructure, radios, consoles and/or recording system.[4]

37.     To the extent any contract and/or warranties are determined to be in existence, Defendants have materially breached the terms of the contract and/or warranties by, among other things, failing to deliver to LVMPD a properly functioning communication system, including but not limited to the radio system infrastructure, radios, consoles and recording system.

38.     Defendants have contractually breached the implied covenant of good faith and fair dealing that exists in every contract in Nevada by, among other things, failing to deliver to LVMPD a properly functioning communication system within the spirit of the parties' agreements.

39.     LVMPD has fully performed its obligations under all agreements.

40.     LVMPD has sustained and/or will sustain significant damages in an amount in excess of $10,000 as a result of the breaches of duties owed by Defendants.

41.     LVMPD paid Defendants millions of dollars for a fully functioning radio communication system.

42.     Defendants have accepted millions of dollars, but, to date, have failed to provide a fully functioning radio communication system.

---

[3]  To the extent NRS Chapter 104 may apply in this matter, which is not conceded by Plaintiff, potentially applicable provisions include, but are not limited to, NRS 104.2711, NRS 104.2712, NRS 104.2713, NRS 104.2714, NRS 104.2715, NRS 104.2717, NRS 104.2721, NRS 104.2601, NRS 104.2606, NRS 104.2607, NRS 104.2608, NRS 104.2609, NRS 104.2313, NRS 104.2314, NRS 104.2315

[4]  In the event NRS Chapter 104 is deemed to apply, revocation of acceptance is pursuant to NRS 104.2608. Accord, Sierra Diesel Injection Service v. Burroughs Corporation, Inc., 651 F. Supp. 1371 (D. Nev. 1987).

- 5 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8775

43.   Defendants have been unjustly enriched by the payments made by LVMPD to them.

44.   As a direct and proximate cause of these events, Defendants have been unjustly enriched and LVMPD has suffered damages in an amount in excess of $10,000.00.

45.   Defendants had a pecuniary interest in connection with the sale of the radio communication system.

46.   In connection with the sale of the radio communication system to LVMPD, Defendants provided false information to LVMPD for its guidance in business transactions.

47.   Defendants failed to exercise reasonable care or competence in obtaining or communicating appropriate information to LVMPD.

48.   LVMPD justifiably relied upon the false information supplied by Defendants.

49.   As a direct and proximate result of Defendants' negligent misrepresentations, LVMPD has suffered actual damages in an amount in excess of $10,000.00.

50.   Prior to the time that the radio communications system was procured, M/A COM falsely represented, among other things, the capabilities of the radio communication system. See, e.g., voluminous proposal from M/A COM to LVMPD dated 9/1/05 that contains detailed statements of fact.[5]  The false representations were perpetuated and/or continued to be made over time by M/A COM and Harris.

51.   Defendants, by their words and actions, made representations of facts and circumstances that were not true and which misled LVMPD.

52.   Defendants intended to induce Plaintiff to act or to refrain from acting in reliance upon the misrepresentations.

53.   As compared to LVMPD, Defendants were aware of material facts peculiarly within their knowledge.

54.   LVMPD is not, at this time and without appropriate time to conduct discovery, in possession of the necessary documents which will show Defendants' degree of knowledge

---

[5]  The proposal is not attached hereto given the voluminous nature of the document and given that proprietary information may be contained therein.

- 6 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

concerning the false statements.  Those materials are uniquely within the possession and control of Defendants.

55.    At a minimum, Defendants made such representations with reckless disregard as to their truth or falsity.  Discovery may reveal that one or more Defendants knew that their representations were false.

56.    LVMPD actually and justifiably relied on Defendants' misrepresentation and/or failure to disclose the true facts concerning the pertinent transaction(s).

57.    Had LVMPD been aware of the true facts, it would have acted differently.

58.    LVMPD has suffered damages in an amount in excess of $10,000.00 as a result of Defendants' fraudulent conduct.

59.    To the extent the trier of fact determines that the conduct of Defendants is knowing, intentional, oppressive, fraudulent, malicious, and done in conscious disregard of the rights of LVMPD, then LVMPD reserves its right to recover punitive and exemplary damages.

60.    An actual, justiciable controversy has arisen between the parties with respect to the issues herein.  The interests of the parties are adverse and LVMPD has a legally protectable interest in the controversy and the issue is ripe for judicial determination.

61.    The Court should grant declaratory relief to LVMPD and enter a judgment in favor of LVMPD consistent with the relief sought herein.

WHEREFORE, LVMPD alternatively prays:

1.    For damages against Defendants in an amount to be determined by the trier of fact;

2.    For the return of all value paid by LVMPD in connection with the radio communication system and/or rescission as may be appropriate;

3.    For an off-set of any ostensible obligations owed to Defendants;

4.    For interest against Defendants at the maximum rate allowable by agreement and/or law;

5.    For reasonable attorney's fees and costs of suit incurred herein;

6.    For a judicial declaration determining the rights and duties of the parties; and,

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

7.    For such other and further relief as may be just and proper.

DATED this 17th day of September, 2013.

SANTORO WHITMIRE

/s/ James E. Whitmire
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
10100 West Charleston Blvd., Ste. 250
Las Vegas, Nevada 89135

Attorney for Plaintiff

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

- 8 -

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

LAS VEGAS MTETROPOLITAN POLICE DEPARTMENT,

Plaintiff,

v.

HARRIS CORPORATION, M/A COM, INC. and DOES 1-25, inclusive,

Defendants.

CASE NO: A-13-682400-C
DEPT. NO.:   XXVIII

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO:   **HARRIS CORPORATION**

A civil Complaint has been filed by the Plaintiff[s] against you for the relief set forth in the Complaint.

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

      a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

      b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff[s] and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:
SANTORO WHITMIRE

JAMES E. WHITMIRE, ESQ. (NBN 6533)
jwhitmire@santoronevada.com
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
Telephone: (702) 948-8771

Attorneys for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

                                                    SEP 0 6 2013

By:  Deputy Clerk    KORY SCHLITZ           Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE:  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedure, Rule 4(b).

## AFFIDAVIT OF SERVICE

STATE OF _____ )
                           ) ss
COUNTY OF _____ )

_____, being duly sworn says:  That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.  That affidavit received _____ copy(ies) of the Summons of Complaint, _____
_____ on the _____ day of _____, 20____ and served the same on the ___ day of _____, 20____ by:

(affiant must complete the appropriate paragraph)

1.    delivering and leaving a copy with the Defendant _____ at _____(State address) _____.

2.    serving the Defendant _____ by personally delivering and leaving a copy with _____ _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: _____(State address) _____.

3.    serving the Defendant _____ by personally delivering and leaving a copy at _____(State address) _____.

    a.    with _____ as _____, an agent lawfully designated by statute to accept service of process;

    b.    with _____, pursuant to NRS 14.020 as a person of suitable age and discretion of the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

        _____ ordinary mail
        _____ certified mail, return receipt requested
        _____ registered mail, return receipt requested

    addressed to the Defendant _____ at the Defendant's last known address which is _____ _____.

SUBSCRIBED AND SWORN to before me this
_____ day of _____, 20____.

_____
                            Signature of person making service

_____
NOTARY PUBLIC in and for said County
and State

My commission expires: _____
(SEAL)

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

LAS VEGAS MTETROPOLITAN POLICE DEPARTMENT,

        Plaintiff,

        v.

HARRIS CORPORATION, M/A COM, INC. and DOES 1-25, inclusive,

        Defendants.

CASE NO: A-13-682400-C
DEPT. NO: XXVIII

**SUMMONS**

NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

## TO:   **M/A COM, INC.**

A civil Complaint has been filed by the Plaintiff[s] against you for the relief set forth in the Complaint.

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff[s] and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:
SANTORO WHITMIRE

STEVEN D. GRIERSON, CLERK OF COURT

By: Deputy Clerk  KORY SCHLITZ   Date   SEP 06 2013

JAMES E. WHITMIRE, ESQ. (NBN 6533)
jwhitmire@santoronevada.com
10100 W. CHARLESTON BLVD., SUITE 250
Las Vegas, NV 89135
Telephone: (702) 948-8771

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Attorneys for Plaintiff

NOTE:  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedure, Rule 4(b).

## AFFIDAVIT OF SERVICE

STATE OF _____ )
                                 ) ss
COUNTY OF _____ )

_____, being duly sworn says:  That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.  That affidavit received _____ copy(ies) of the Summons of Complaint, _____ _____ on the _____ day of _____, 20____ and served the same on the ___ day of _____, 20____ by:

(affiant must complete the appropriate paragraph)

1.     delivering and leaving a copy with the Defendant _____ at ____ (State address) _____.

2.     serving the Defendant _____ by personally delivering and leaving a copy with _____ _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: _____ (State address) _____.

3.     serving the Defendant _____ by personally delivering and leaving a copy at _____ (State address) _____.

       a.    with _____ as _____, an agent lawfully designated by statute to accept service of process;

       b.    with _____, pursuant to NRS 14.020 as a person of suitable age and discretion of the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

                 _____   ordinary mail
                 _____   certified mail, return receipt requested
                 _____   registered mail, return receipt requested

     addressed to the Defendant _____ _____ at the Defendant's last known address which is _____ _____.

SUBSCRIBED AND SWORN to before me this
_____ day of _____, 20____.

_____
Signature of person making service

_____
NOTARY PUBLIC in and for said County
and State

My commission expires: _____
(SEAL)

Electronically Filed
05/24/2013 03:20:26 PM

*(signature)*

CLERK OF THE COURT

**COMP**
JAMES E. WHITMIRE, ESQ.
Nevada Bar No, 6533
jwhitmire@santoronevada.com
SANTORO WHITMIRE
10100 West Charleston Blvd., Ste. 250
Las Vegas, Nevada 89135
Telephone:    702/948-8771
Facsimile:    702/948-8773

*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | Case No.: A - 1 3 - 6 8 2 4 0 0 - C |
| Plaintiff, | Dept. No.:    X X V I I I |
| v. | **EXEMPTION FROM ARBITRATION:** |
| HARRIS CORPORATION, M/A COM, INC. and DOES 1-25, inclusive, | *EQUITABLE AND DECLARATORY RELIEF REQUESTED, AND DAMAGES EXCEED $50,000* |
| Defendants. | |

## COMPLAINT[1]

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, by and through its attorneys of record of the law firm Santoro Whitmire, as and for its Complaint, alleges as follows:

1.    LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD" or "Plaintiff") is an entity doing business in Nevada.

2.    HARRIS CORPORATION ("Harris") is an entity which contracted to do business with LVMPD in the State of Nevada.   Harris includes Harris Corporation and any of its divisions, including but not limited to its RF Communications Division.

3.    M/A COM, INC ("M/A COM) is an entity which contracted to do business with LVMPD in the State of Nevada. M/A COM includes any of its divisions.

---

[1] Various forms of alternative claims for relief are contained herein.

SANTORO WHITMIRE
10100 West Charleston Blvd., Suite 250 Las Vegas, Nevada 89135
(702) 948-8771 – fax (702) 948-8773

4.     The true names and capacities, whether individual, corporate, associate or otherwise of legally responsible defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff believes that each defendant named as a DOE is legally responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiff as alleged herein.  The DOE defendants include, but are not necessarily limited to, any misidentified defendants.

5.     Hereinafter, reference to  "Defendants" includes all defendants, unless otherwise specifically stated.

6.     Prior to 2005, LVMPD came to the conclusion that the radio communication system it had been using for a number of years needed to be replaced.

7.     In July 2005, LVMPD began to formally explore the replacement of the radio system it had been utilizing.

8.     A notice was published which invited companies to make proposals concerning the replacement of the radio system.

9.     M/A COM  thereafter submitted a proposal to replace LVMPD's radio system. The comprehensive proposal described a state of the art radio system that would, among other things, provide redundancies, reliability, maintainability and interoperability.  The proposal was voluminous and contained detailed representations and statements that were material to the decision to purchase a radio system from M/A COM.

10.     After M/A COM submitted its proposal, authorization was provided to allow negotiations to occur with M/A COM for a new radio system infrastructure that would support, among other things, all voice and low speed data communications for LVMPD's users.

11.     A contract between M/A COM and LVMPD was ostensibly entered into in 2006 pertaining to a radio system infrastructure, which incorporated M/A COM's proposal.

12.     It took several years for the radio system infrastructure to be built.  Among other things, towers had to be constructed at various remote sites in or about the Las Vegas Valley.

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

- 2 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

13.     In 2009, an assignment occurred between M/A COM to Harris whereby Harris assumed M/A COM's contractual duties, warranties and/or other obligations.

14.     In addition to entering into a contract pertaining to the radio system infrastructure, which was to serve as the back-bone for LVMPD's communication system, LVMPD agreed to purchase thousands of mobile and hand-held radios for use by officers in the field.  Most of the radios were purchased from Harris.  However, over a million dollars was spent on radios purchased from M/A COM.

15.     LVMPD has expended tens of millions of dollars associated with the radio infrastructure system and radios.

16.     LVMPD also ostensibly entered into a contract with Harris for the purchase of new radio dispatch consoles and a recording system to, among other things, facilitate communications between LVMPD's dispatch and police officers in the field.[2]

17.     Over $3 million was committed with respect to the consoles and recording system.

18.     Several million dollars have also been spent with respect to ancillary software and maintenance agreements with Defendants.

19.     Testing has occurred at various times with respect to the radio system infrastructure, radios, console and recording system.

20.     Extensive problems have been encountered with respect to the radio system infrastructure, radios, consoles and/or the recording system.

21.     Defendants have been informed of the problems.

22.     Harris is fully aware of, and has acknowledged the problems and has been given multiple opportunities to rectify the problems.

23.     Harris has made repeated attempts to address the problems over a prolonged period of time.

---

[2] Harris selected and sub-contracted with a third-party, Exacom, to supply a portion of the system; namely, the recording system.

- 3 -

24.     LVMPD's reports of problems have been met with repeated assurances by Harris that the problems would be rectified.

25.     Harris has repeatedly assured LVMPD that the radio system infrastructure, radios, consoles and recording system would ultimately be able to perform as originally expected.

26.     LVMPD has afforded Harris reasonable opportunities to cure the problems associated with the radio system.

27.     LVMPD has reasonably waited for the Harris to rectify the problems.

28.     LVMPD's testing and use of the radio systems, radios, consoles and recording system have been premised on Defendants' unsuccessful attempts at repair and repeated assurances that the entire system would ultimately perform as expected.

29.     LVMPD has not yet accepted the radio system infrastructure, radios, consoles and/or recording system.

30.     The problems have been so pervasive that final testing and acceptance of the communication system has not occurred.

31.     To the extent that acceptance could be deemed to have occurred, LVMPD has revoked its acceptance.

32.     Defendants' have substantially failed to fulfill their obligations through no fault of LVMPD by, among other things, failing to deliver and implement a fully functioning communication system to LVMPD.

33.     The communication system is effectively useless as a result of the breaches by Defendants.

34.     Given the frequency and magnitude of the problems, LVMPD has been forced to seek an alternative vendor which is capable of providing a fully functioning communication system to LVMPD.

35.     LVMPD has sustained and/or will likely continue to sustain damages as a result of the non-conforming systems delivered by Defendants.[3]

_____

[3] To the extent NRS Chapter 104 may apply in this matter, which is not conceded by Plaintiff, potentially applicable provisions include, but are not limited to, NRS 104.2711, NRS 104.2712,

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

36.     In connection with the lack of acceptance and/or revocation of acceptance, LVMPD is entitled to a return of all monies expended in connection with the purchase of the radio system infrastructure, radios, consoles and/or recording system.[4]

37.     To the extent any contract and/or warranties are determined to be in existence, Defendants have materially breached the terms of the contract and/or warranties by, among other things, failing to deliver to LVMPD a properly functioning communication system, including but not limited to the radio system infrastructure, radios, consoles and recording system.

38.     Defendants have contractually breached the implied covenant of good faith and fair dealing that exists in every contract in Nevada by, among other things, failing to deliver to LVMPD a properly functioning communication system within the spirit of the parties' agreements.

39.     LVMPD has fully performed its obligations under all agreements.

40.     LVMPD has sustained and/or will sustain significant damages in an amount in excess of $10,000 as a result of the breaches of duties owed by Defendants.

41.     LVMPD paid Defendants millions of dollars for a fully functioning radio communication system.

42.     Defendants have accepted millions of dollars, but, to date, have failed to provide a fully functioning radio communication system.

43.     Defendants have been unjustly enriched by the payments made by LVMPD to them.

44.     As a direct and proximate cause of these events, Defendants have been unjustly enriched and LVMPD has suffered damages in an amount in excess of $10,000.00.

45.     Defendants had a pecuniary interest in connection with the sale of the radio communication system.

—————————————————— (continued)
NRS 104.2713, NRS 104.2714, NRS 104.2715, NRS 104.2717, NRS 104.2721, NRS 104.2601, NRS 104.2606, NRS 104.2607, NRS 104.2608, NRS 104.2609, NRS 104.2313, NRS 104.2314, NRS 104.2315

[4]  In the event NRS Chapter 104 is deemed to apply, revocation of acceptance is pursuant to NRS 104.2608.  Accord, Sierra Diesel Injection Service v. Burroughs Corporation, Inc., 651 F. Supp. 1371 (D. Nev. 1987).

- 5 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 – fax (702) 948-8773

46.   In connection with the sale of the radio communication system to LVMPD, Defendants provided false information to LVMPD for its guidance in business transactions.

47.   Defendants failed to exercise reasonable care or competence in obtaining or communicating appropriate information to LVMPD.

48.   LVMPD justifiably relied upon the false information supplied by Defendants.

49.   As a direct and proximate result of Defendants' negligent misrepresentations, LVMPD has suffered actual damages in an amount in excess of $10,000.00.

50.   Prior to the time that the radio communications system was procured, M/A COM falsely represented, among other things, the capabilities of the radio communication system. See, e.g., voluminous proposal from M/A COM to LVMPD dated 9/1/05 that contains detailed statements of fact.[5]  The false representations were perpetuated and/or continued to be made over time by M/A COM and Harris.

51.   Defendants, by their words and actions, made representations of facts and circumstances that were not true and which misled LVMPD.

52.   Defendants intended to induce Plaintiff to act or to refrain from acting in reliance upon the misrepresentations.

53.   As compared to LVMPD, Defendants were aware of material facts peculiarly within their knowledge.

54.   LVMPD is not, at this time and without appropriate time to conduct discovery, in possession of the necessary documents which will show Defendants' degree of knowledge concerning the false statements.  Those materials are uniquely within the possession and control of Defendants.

55.   At a minimum, Defendants made such representations with reckless disregard as to their truth or falsity.  Discovery may reveal that one or more Defendants knew that their representations were false.

---

[5]  The proposal is not attached hereto given the voluminous nature of the document and given that proprietary information may be contained therein.

- 6 -

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 - fax (702) 948-8773

56.   LVMPD actually and justifiably relied on Defendants' misrepresentation and/or failure to disclose the true facts concerning the pertinent transaction(s).

57.   Had LVMPD been aware of the true facts, it would have acted differently.

58.   LVMPD has suffered damages in an amount in excess of $10,000.00 as a result of Defendants' fraudulent conduct.

59.   To the extent the trier of fact determines that the conduct of Defendants is knowing, intentional, oppressive, fraudulent, malicious, and done in conscious disregard of the rights of LVMPD, then LVMPD reserves its right to recover punitive and exemplary damages.

60.   An actual, justiciable controversy has arisen between the parties with respect to the issues herein. The interests of the parties are adverse and LVMPD has a legally protectable interest in the controversy and the issue is ripe for judicial determination.

61.   The Court should grant declaratory relief to LVMPD and enter a judgment in favor of LVMPD consistent with the relief sought herein.

WHEREFORE, LVMPD alternatively prays:

1.   For damages against Defendants in an amount to be determined by the trier of fact;

2.   For the return of all value paid by LVMPD in connection with the radio communication system and/or rescission as may be appropriate;

3.   For an off-set of any ostensible obligations owed to Defendants;

4.   For interest against Defendants at the maximum rate allowable by agreement and/or law;

5.   For reasonable attorney's fees and costs of suit incurred herein;

6.   For a judicial declaration determining the rights and duties of the parties; and,

. . .

. . .

. . .

. . .

. . .

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 - fax (702) 948-8773

7.    For such other and further relief as may be just and proper.

DATED this 24th day of May, 2013.

SANTORO WHITMIRE

JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
10100 West Charleston Blvd., Ste. 250
Las Vegas, Nevada 89135

*Attorney for Plaintiff*

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 - fax (702) 948-8773

- 8 -