**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, <br><br> Plaintiff, <br><br> vs. <br><br> HARRIS CORPORATION; M/A COM, INC.; TE CONNECTIVITY LTD.; TE CONNECTIVITY INC.; TYCO ELECTRONICS CORPORATION; TYCO ELECTRONICS, LTD; and DOES 1-25, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-01780-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendants Harris Corporation; M/A Com, Inc.; TE Connectivity Inc.; TE Connectivity Ltd.; TE Connectivity Networks, Inc.; Tyco Electronics Corporation; and Tyco Electronics, Ltd. (collectively, "Defendants"). Plaintiff Las Vegas Metropolitan Police Department ("Plaintiff" or "LVMPD") filed a Response (ECF No. 13) and Defendants filed a Reply (ECF No. 16). For the reasons discussed in this Order, the Court GRANTS Defendants' Motion to Dismiss, but will grant Plaintiff leave to file a Second Amended Complaint if Plaintiff can cure the defects identified herein.

**I.     BACKGROUND**

This case arises from a contract between Plaintiff and Defendant M/A COM, under which M/A COM agreed to replace Plaintiff's radio communication system. (Compl. ¶¶ 6, 9–11, ECF No. 1-2.) In the proposal and the contract, M/A COM represented that the new radio system would be "state of the art" and "would, among other things, provide redundancies,

reliability, maintainability and interoperability." (*Id.* ¶ 9.)  However, Plaintiff now alleges that, after several years of development and several million dollars spent, Defendants delivered *inoperability*, rather than the promised "interoperability"; (*Id.* ¶ 20 ("Extensive problems have been encountered with respect to the radio system infrastructure, radios, consoles and/or the recording system.").)  Furthermore, despite notifying Defendants and providing opportunities for Defendants to cure the problems, the radio system is still defective and "is effectively useless." (*Id.* ¶¶ 21–30, 33.)

As a result of these alleged breaches of the contract, Plaintiff initiated the instant action in state court.[1] (*See id.*)  Thereafter, Defendants removed the action to this Court, (Notice of Removal, ECF No. 1), and filed the instant Motion to Dismiss, (ECF No. 9), in which Defendants request that the Court dismiss Plaintiff's Misrepresentation Claims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely

---

[1] Presumably, Plaintiff is attempting to assert claims for relief under contract law and under tort law. (*See* Compl. ¶¶ 30–58.)  However, Plaintiff's Complaint fails to state exactly which causes of action Plaintiff is asserting against which Defendants.  As discussed below, such organization is unhelpful and the Court advises Plaintiff to reconsider the structure of its Complaint when filing its Second Amended Complaint.

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. <u>MISREPRESENTATION CLAIMS</u>

#### A. The Economic Loss Doctrine bars only Plaintiff's Negligent Misrepresentation Claim

Defendants first assert that the Court should dismiss Plaintiff's Misrepresentation Claims as prohibited by the Economic Loss Doctrine.  "Under the economic loss doctrine there can be no recovery in tort for purely economic losses." *Calloway c. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) (internal quotation marks omitted), overruled on other grounds by *Olson v. Richard*, 89 P.3d 31 (2004).  However, Defendants have failed to provide, and the Court cannot find, a single case that holds that the Economic Loss Doctrine bars a Fraudulent Misrepresentation claim.  Essentially, Defendants request that this Court expand on an opinion from the Ninth Circuit in which the circuit predicted Nevada law, *see Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007), rather than applying express statements in a more recent opinion from the Nevada Supreme Court, *see Halcrow v. Eighth Judicial Dist.*

*Court*, 302 P.3d 1148 (Nev. 2013). Specifically, in *Giles*, the Ninth Circuit predicted that "Nevada law *may* also bar recovery for other tort claims where the plaintiff's only complaint is that the defendant failed to perform what was promised in the contract." 494 F.3d at 879. In contrast, in *Halcrow*, the Nevada Supreme Court expressly and unambiguously stated that "[i]ntentional torts are not barred by the economic loss doctrine." 302 P.3d at 1154 n.2. The Nevada Supreme Court further stated that, because fraudulent misrepresentation is an intentional tort, the Economic Loss Doctrine does not bar such a claim. *Id.*

In contrast, the Nevada Supreme Court has indicated that the Economic Loss Doctrine bars most negligence-based claims. *Halcrow*, 302 P.3d at 1152–1154. In fact, the court noted that a case would be excepted from the Economic Loss Doctrine only when the case presents "strong countervailing considerations [that] weigh in favor of imposing liability." *Id.* at 1153 (quotation marks omitted). The court further explained that the Economic Loss Doctrine might not bar liability in cases that involve "economic losses sustained, for example, as a result of defamation, intentionally caused harm, negligent misstatements about financial matters, and loss of consortium." *Id.* However, as it relates to negligent misrepresentation claims in the context of commercial construction projects, the Nevada Supreme Court held that "contract law is better suited" to resolve such issues. *Id.* As such, in *Halcrow*, the court concluded that the trial court correctly concluded that the Economic Loss Doctrine required dismissal of the negligent misrepresentation claim without leave to amend.

Here, Plaintiff has failed to persuade the Court that there are "strong countervailing considerations [that] weigh in favor of imposing liability" in this type of case. In contrast, it appears to the Court that this case is much more similar to the commercial construction case, where the Economic Loss Doctrine does bar a negligent misrepresentation claim, than it is to a case involving allegations of defamation. Specifically, Plaintiff and Defendants entered into a contract for the construction and installation of a radio communication system. Furthermore,

the Complaint lacks any allegations of defamation and lacks allegations that Defendants made any negligent misstatements about financial matters.  Thus, Plaintiff has not provided any basis from which the Court can conclude that it would be proper to exclude this case from the Economic Loss Doctrine.  Finally, as discussed above, to the extent Plaintiff alleges that the misrepresentations were the result of Defendants' intentional conduct, that cause of action survives Defendants' Motion to Dismiss.  However, based on the recent Nevada Supreme Court precedent in *Halcrow*, the Court must dismiss Plaintiff's Negligent Misrepresentation claim as barred by the Economic Loss Doctrine.

### B. Plaintiff has failed to adequately plead its Intentional Misrepresentation Claim

Complaints in which the plaintiff alleges fraud must also satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Specifically, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Thus, in addition to pleading plausible allegations, as required by *Twombly* and *Iqbal*, plaintiffs alleging fraud must also plead with particularity. *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011).  To adequately allege the circumstances constituting fraud, a plaintiff must provide plausible allegations of "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted).  Furthermore, the complaint must "differentiate [the] allegations when suing more than one defendant"; it may not simply "lump multiple defendants together." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  This requirement ensures that the defendants are on "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quotation marks omitted).

In this case, Plaintiff has failed to differentiate the fraud allegations against each Defendant. *See Destifino*, 630 F.3d at 958. Specifically, Plaintiff's Complaint is replete with allegations that "Defendants," intentionally misrepresented "material facts" to Plaintiff, without specifying which Defendants made which misrepresentations. (Compl. ¶¶ 51–55.) Furthermore, Plaintiff has failed to provide sufficient factual allegations to support its fraudulent misrepresentation claim and, thus, Plaintiff's Complaint is inadequate under both *Twombly*/*Iqbal* and Rule 9(b). Rather, Plaintiff has provided only conclusory recitations of the elements of fraudulent misrepresentation without sufficient and particular factual support. (*See, e.g.*, Compl. ¶ 51 ("Defendants, by their words and actions, made representations of facts and circumstances that were not true and which misled LVMPD.").) In fact, Plaintiff's Complaint lacks even allegations of the exact misrepresentations on which Plaintiff relied. Accordingly, Plaintiff has failed to support its fraudulent misrepresentation claim with plausible factual allegations that describe the circumstances of the purported fraud; Plaintiff's Complaint lacks any explanation of the "who, what, when, where, and how" of the alleged fraudulent misrepresentations.

For these reasons, the Court must GRANT Defendant's Motion to Dismiss Plaintiff's Fraudulent Misrepresentation claim. However, because the Court finds that Plaintiff may be able to cure the defects in the Complaint by adding further factual allegations, the Court will grant Plaintiff leave to file an amended complaint. Therefore, if Plaintiff can cure the defects identified above, Plaintiff shall file its Second Amended Complaint within fourteen (14) days of the date of this Order. Failure to file a Second Amended Complaint by this date shall result in the Court dismissing Plaintiff's Fraudulent Misrepresentation with prejudice.[2]

---

[2] Although the Court need not address Defendant's argument relying on Rule 10(b) of the Federal Rules of Civil Procedure at this juncture, the Court notes that it is troubled by Plaintiff's failure to separate its causes of action and call them by name. Accordingly, Plaintiff is advised that incorporating such an organization into its Complaint is not only helpful to Defendants, but is also immensely helpful to the Court.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 9) is **GRANTED**. Plaintiff's Negligent Misrepresentation claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Fraudulent Misrepresentation claim is **DISMISSED without prejudice.** The Court hereby grants Plaintiff leave to file an amended complaint if Plaintiff can cure the defects identified in this Order. Plaintiff shall file its **Second Amended Complaint by Monday, July 28, 2014**. Failure to file the Second Amended Complaint by this date shall result in the Court dismissing Plaintiff's Fraudulent Misrepresentation claim **with prejudice**.

**DATED** this 11th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge