# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | ) ) ) Case No.: 2:13-cv-01780-GMN-VCF |
| Plaintiff, | ) ) |
| vs. | ) **ORDER** ) |
| HARRIS CORPORATION; M/A COM, INC.; TE CONNECTIVITY LTD.; TE CONNECTIVITY INC.; TE CONNECTIVITY NETWORKS, INC.; TYCO ELECTRONICS CORPORATION; TYCO ELECTRONICS, LTD; and DOES 1-25, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Pending before the Court is the Motion to Dismiss (ECF No. 40) filed by Defendants Harris Corporation; M/A Com, Inc.; TE Connectivity Inc.; TE Connectivity Ltd.; TE Connectivity Networks, Inc.; Tyco Electronics Corporation; and Tyco Electronics, Ltd. (collectively, "Defendants").  Plaintiff Las Vegas Metropolitan Police Department ("Plaintiff" or "LVMPD") filed a Response (ECF No. 13) and Defendants filed a Reply (ECF No. 16).

## I.  BACKGROUND

This case arises from a contract (the "Contract") between Plaintiff and Defendant M/A Com, Inc. ("M/A-Com"), under which M/A-Com, in a response to Plaintiff's request for proposals, agreed to replace Plaintiff's radio communication system. (Second Am. Compl. ¶¶ 10, 40, ECF No. 35).  In the proposal and the contract, M/A COM represented that the new radio system would be "state of the art" and "would, among other things, provide redundancies, reliability, maintainability and interoperability." (*Id.* ¶ 16).  However, Plaintiff now alleges that, after several years of development and several million dollars spent, Defendants delivered

inoperability, rather than the promised "interoperability." (*Id.* ¶ 51 ("Once constructed, extensive problems have been encountered with respect to the radio system infrastructure, radios, consoles and/or the recording system.")).  Furthermore, despite notifying Defendants and providing opportunities for Defendants to cure the problems, the radio system is still defective and "is effectively useless." (*Id.* ¶¶ 57–62, 81).

As a result of these alleged breaches of the contract, Plaintiff initiated the instant action in state court. (*See* Am. Compl., ECF 1-2).  Thereafter, Defendants removed the action to this Court, (Notice of Removal, ECF No. 1), and filed a Motion to Dismiss, (ECF No. 9), in which the Court dismissed Plaintiff's Misrepresentation Claims, but gave Plaintiff leave to amend its Fraudulent Misrepresentation claim (Order, ECF No. 34).  Subsequently, Plaintiff filed its Second Amended Complaint (ECF No. 35), and Defendants filed the instant Motion to Dismiss (ECF No. 40).

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

Defendants assert that Plaintiff's following claims should be dismissed: (1) Fraud; (2) Breach of Implied Warranties; (3) Declaratory Relief; and (4) Unjust Enrichment. (Mot. to Dismiss 10:8–12:8). Defendants also request the Court to take judicial notice of court documents filed in other courts. (*Id.* 11:2 n.2). The Court will first address Defendants' judicial notice request and then address each claim in turn.

### A.   Judicial Notice

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."

1    *Ritchie*, 342 F.3d at 908.

2        Additionally, if adjudicative facts or matters of public record meet the requirements of

3    Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at

4    909; *see* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable

5    dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court

6    or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

7    reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D.

8    Nev. 2009).

9        "Court orders and filings are the type of documents that are properly noticed under [Rule

10   201(b)]." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2003).  In

11   particular, courts may take judicial notice of proceedings of other courts if those proceedings

12   have a "direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens*

13   *Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted).  However, "[a]s a

14   general rule, a court may not take judicial notice of proceedings or records in another cause so

15   as to supply, without formal introduction of evidence, facts essential to support a contention in

16   a cause then before it." *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d

17   1483, 1491 (9th Cir. 1983).  Nonetheless, the court can take judicial notice of these documents

18   for the "limited purpose of recognizing the 'judicial act' that the order represents on the subject

19   matter of litigation." *Neilson*, 290 F. Supp. 2d at 1112 (quoting *United States v. Jones*, 29 F.3d

20   1549, 1553 (11th Cir. 1994)).

21       Defendants request that the Court take judicial notice of various documents from a

22   previous action involving LVMPD and Motorola, Inc. ("the Motorola litigation"), including

23   briefs filed by LVMPD and transcripts from hearings and trial. (Mot. to Dismiss 11:2 n.2).

24   Given that these documents are a matter of public record, the Court takes judicial notice.

25   However, the Court notes that it only takes judicial notice of the existence of these documents

and not for the truth of any disputed facts therein. *See San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings" (citation omitted)); *see also Miglin v. Mellon*, 2:08–CV–01013–LRH–PA, 2009 WL 3719457, at *2 (D. Nev. Nov. 4, 2009) (taking judicial notice of documents for their existence and not for the truth of any disputed fact therein).  Therefore, to the extent that the contents of these documents conflict with the factual allegations of Plaintiff's Second Amended Complaint, the Court will take as true the *factual* allegations of the Second Amended Complaint. *See, e.g.*, *Lee*, 250 F.3d at 690.

Additionally, Defendants request that the Court take judicial notice of various documents referenced in Plaintiff's Second Amended Complaint. (Mot. to Dismiss 11:2 n.2). To the extent that these documents are referenced in Plaintiff's Second Amended Complaint, the Court will consider these documents.

## B.    Fraud

Plaintiff's first claim for relief alleges that "Defendants made numerous false representations," "Defendants intended to induce LVMPD to rely upon the representations," and "LVMPD justifiably relied upon Defendants' representations." (Second Am. Compl. ¶¶ 100, 105–06).  Defendants assert that Plaintiff's claim fails for the following reasons: (1) Plaintiff's allegations only amount to a standard breach of contract claim; (2) Plaintiff's failed to allege how it justifiably relied on the statements at issue; (3) Plaintiff failed to identify who relied on the statements at issue or how the statements were false when made; (4) the statements at issue of future conduct, opinions, estimates, and sales talk do not constitute actionable representations under Nevada law; (5) to the extent Plaintiff's claim is premised on a fraudulent concealment theory, it is not legally viable; and (6) Nevada's three-year statute of limitations bars the statements at issue. (Mot. to Dismiss 14:6–27).  Defendants contend that

"[e]ach of these deficiencies is independently fatal to LVMPD's fraud claim." (*Id.* 14:28). The Court will address each argument in turn.

### 1.    Whether Plaintiff's allegations only amount to a standard breach of contract claim.

First, Defendants argue that Plaintiff's allegations do not state a plausible claim of fraud and the allegations only amount to a standard breach of contract claim. (Mot. to Dismiss 24:1–2). More specifically, Defendants assert "[t]he fact that every single allegation is contained in M/A-Com's September 1, 2005 Proposal is all the Court needs to determine that this action should be properly limited to the breach of contract case that it is." (*Id.* 25:6–8). Moreover, Defendants assert that "LVMPD has not alleged that any statement separate from the 2006 Contract forms the basis for its fraud claim." (*Id.* 25:8–9).

Although, "[t]he mere failure to fulfill a promise or perform in the future [] will not give rise to a fraud claim absent evidence that the promisor had no intention to perform at the time the promise was made," the Court finds that Plaintiff's allegations sufficiently give rise to a fraud claim. *See Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). As discussed more thoroughly below, Plaintiff's allegations, viewed in a light most favorable to Plaintiff, support an inference that Defendants knew that the representations were false or that there was an insufficient basis for making such representations. Therefore, the Court denies Defendants' Motion to Dismiss as to this claim on this basis.

### 2.    Whether Plaintiff's failed to allege how it justifiably relied on the statements at issue.

Second, Defendants assert that Plaintiff did not allege how it justifiably relied on the statements at issue. (Mot. to Dismiss 25:10–11). More specifically, Defendants assert that Plaintiff cannot satisfy its pleading burden because Plaintiff's "allegations are set forth in 53 multi-part paragraphs, yet it makes a single allegation to wrap it all up: 'LVMPD justifiably

relied upon the false information supplied by Defendants,'" and "[s]imply repeating it two more times does not suffice either." (*Id.* 26:14–17 (citing Second Am. Compl. ¶¶ 92, 97, and 106)).  Moreover, Defendants assert that Plaintiff's admissions from the Motorola litigation show that it did not rely on the statements at issue and the statements were not material to why Plaintiff chose the M/A-Com system.[1] (*Id.* 25:11–13).

  Justifiable reliance, under Nevada law, requires a showing by the plaintiff that the alleged false representation played a material and substantial part in leading the plaintiff to adopt his or her particular choice. *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1155 (9th Cir. 2005) (holding that plaintiff was required to show she actually read or heard the alleged misrepresentation to establish the justifiable reliance element in a fraud claim) (citing *Nev. Power Co. v. Monsanto Co.,* 891 F. Supp. 1406, 1414 (D. Nev. 1995)).  If a plaintiff was not in any way influenced by the misrepresentation and would have done the same thing without it for other reasons, his loss is not attributed to the defendant. *Blanchard v. Blanchard,* 839 P.2d 1320, 1322 (Nev. 1992) (explaining how justifiable reliance element is satisfied in an intentional misrepresentation claim).

  The Court finds that Plaintiff sufficiently alleges justifiable reliance on Defendants' representations.  First, Plaintiff alleges its need for a new radio system and its published request for proposal outlining its need. (Second Am. Compl. ¶¶ 10, 12).  Next, Plaintiff alleges Defendants' response to the request for proposal and the various statements made therein. (*Id.* ¶¶ 14–16).  Then, Plaintiff alleges its reliance on the statements contained in Defendants' response to the request for proposal. (*Id.* ¶¶ 39, 92, 97, and 106).  Finally, Plaintiff alleges that, had it known that the representations in Defendants' response to the request for proposal were

---

[1] As discussed above, while the Court will take judicial notice of the existence of the documents from the Motorola litigation, the Court will not take judicial notice of the documents for the truth of the facts therein.  Therefore, the Court will not rely on Plaintiff's admissions from the Motorola litigation to determine whether Plaintiff justifiably relied on the statements at issue or whether judicial estoppel applies.  These issues are more amenable to summary judgment.

false, it would have not contracted with Defendants. (*Id.* ¶ 98).  Although Defendants assert that "reliance on a misrepresentation is not reasonable when the plaintiff could have, through the exercise of reasonable diligence, ascertained the truth of the matter," (Mot. to Dismiss 26:5–7) the allegations on the face of Plaintiff's Second Amended Complaint do not show that Plaintiff's reliance was unreasonable and the truth of the matter could have been ascertained through reasonable diligence.  Therefore, the Court denies Defendants' Motion to Dismiss as to this claim on this basis.

### 3.   Whether Plaintiff failed to identify who relied on the statements at issue or how the statements were false when made.

Third, Defendants assert that Plaintiff's claim fails because Plaintiff never alleged who relied on the statements at issue. (Mot. to Dismiss 29:3–5).  However, the Court finds that Plaintiff sufficiently alleged who relied on the statements at issue.  In the Second Amended Complaint, Plaintiff alleges that "LVMPD actually and justifiably relied on Defendants' misrepresentations and/or failure to disclose the true facts concerning the pertinent transaction(s)." (Second Am. Compl. ¶ 97).  Although Plaintiff does not allege by name the employees of LVMPD that relied upon the statements at issue, LVMPD is the only plaintiff in this action, and Defendants do not cite to any authority requiring that Plaintiff specifically allege the employees who relied upon the statements at issue.

Furthermore, Defendants assert that Plaintiff's claim fails because Plaintiff does not allege how the statements at issue were false when made. (*Id.* 29:27–28).  On the other hand, Plaintiff avers that the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure should be relaxed because the information concerning Defendants' exact knowledge of the false statements is uniquely within Defendants' possession. (Response 35:4–6).  Additionally, Plaintiff asserts that, even "[w]ith a limited record and no discovery, LVMPD alleged in the SAC facts and circumstances that support the claim that Defendants' statements were false

when made and that Defendants knew the statements were false or had an insufficient basis for making the statements." (*Id.* 35:12–15).

Under Nevada law, to support a claim of fraudulent inducement, a plaintiff must allege the defendant's knowledge or belief that the representation is false or knowledge that the defendant had an insufficient basis for making the representation. *Bulbman*, 825 P.2d at 592. The Court finds that Plaintiff sufficiently alleges facts to support an inference that the statements at issue were false when made or that there was an insufficient basis for making such representations. First, Plaintiff specifies Defendants' representations related to the performance and implementation of Defendants' radio system. (*See, e.g.*, Second Am. Compl. ¶¶ 25–36). Second, Plaintiff alleges that the performance and implementation of the radio system did not comport with the representations. (*See, e.g.*, *id.* ¶¶ 49–65). Third, Plaintiff alleges multiple other projects undertaken by Defendants that have "been 'plagued with glitches.'" (*See, e.g.*, *id.* ¶¶ 70–80). These allegations, viewed in a light most favorable to Plaintiff, support an inference that Defendants either knew that the representations were false, or that there was an insufficient basis for making such representations. Therefore, the Court denies Defendants' Motion to Dismiss as to this claim on these bases.

**4.    Whether the statements at issue of future conduct, opinions, estimates, and sales talk do not constitute actionable representations under Nevada law.**

Fourth, Defendants assert that the alleged misrepresentations are not actionable representations because "[n]early every misrepresentation can be properly characterized as statements of (1) future conduct; (2) estimates or statements of opinion; (3) sales talk or 'puffery'; or (4) not made by M/A-Com but made directly by M/A-Com's then-customers." (Mot. to Dismiss 32:13–16). However, although Defendants assert that many of the alleged statements may be nonactionable, there are some statements that Defendants do not categorize

as nonactionable. (*See, e.g.*, Second Am. Compl. ¶¶ 25(d), 25(g)–(i), 25(n), 25(v), 25(dd)–(ee), and 25(hh)).  Accordingly, because some of the asserted misrepresentations may be actionable, the Court will not parse through each statement at this stage of the proceedings to determine whether specific statements are actionable or not.  Rather, Plaintiff's fraud claim survives because at least some of the asserted statements are actionable statements.  Therefore, the Court denies Defendants' Motion to Dismiss as to this claim on this basis.

## 5.   Whether, to the extent Plaintiff's claim is premised on a fraudulent concealment theory, it is not legally viable.

Fifth, Defendants assert that "the failure to disclose material facts is not actionable in fraud unless there is some fiduciary or special relationship giving rise to a duty to disclose," and "LVMPD does not allege the existence of a fiduciary or any other duty on the part of Defendants, and does not plead facts that would give rise to such a duty between parties to this type of transaction." (Mot. to Dismiss 41:8–12 (citing *Nev. Power*, 891 F. Supp. at 1417).  On the other hand, Plaintiff asserts that, "[o]nce Defendants responded to the RFP, they had a duty not to conceal material information." (Response 30:5–6).  Additionally, Plaintiff asserts that "Defendants had an ongoing duty to disclose" information regarding OpenSky's problems. (*Id.* 30: 23–26).  Moreover, Plaintiff asserts that Defendants had a duty to disclose because Defendants alone had knowledge of material facts which are not accessible to Plaintiff. (*Id.* 31:19–20).  Furthermore, Plaintiff asserts that one or more of the provisions in Section 551(2) of the Restatement (Second) of Torts applies to this case and creates a duty to disclose. (*Id.* 32:21–23).

Omissions generally do not support misrepresentation claims. *See Epperson v. Roloff*, 719 P.2d 799, 803 (Nev. 1986).  However, "a defendant may be found liable for misrepresentation even when the defendant does not make an express misrepresentation, but instead makes a representation which is misleading because it *partially suppresses or conceals*

1    *information*." *Blanchard*, 839 P.2d at 1322 (quoting *Epperson*, 719 P.2d at 802).  However, a

2    claim for fraudulent concealment requires that the "defendant must have been under a duty to

3    disclose the fact to the plaintiff." *Nev. Power Co.*, 891 F. Supp. at 1415.  Furthermore, the

4    Nevada Supreme Court has held that the duty to disclose "requires, at a minimum, some form

5    of relationship between the parties." *Dow Chem. Co. v. Mahlum,* 970 P.2d 98, 110 (Nev. 1998),

6    *overruled in part on other grounds by GES, Inc. v. Corbitt,* 21 P.3d 11, 15 (Nev. 2001).  A duty

7    to disclose arises where there is a fiduciary relationship or where there is a "special

8    relationship," such that the complaining party imparts special confidence in the defendant and

9    the defendant reasonably knows of that confidence. *Id.*

10        The Nevada Supreme Court has recognized such a "special relationship" between real

11   estate agents/buyers, insurers/insureds, trustees/beneficiaries, and attorneys/clients, where

12   "[n]ondisclosure ... become[s] the equivalent of fraudulent concealment." *Nev. Power Co.,* 891

13   F. Supp. at 1416 n. 3 (citing cases); *Giles v. General Motors Acceptance Corp.,* 494 F.3d 865,

14   881 (9th Cir. 2007) (citing *Mackintosh v. Jack Matthews & Co.,* 855 P.2d 549, 553 (Nev.

15   1993)).  However, simply manufacturing or selling an alleged defective product is not enough

16   to support the required relationship. *See generally Dow Chem. Co.,* 970 P.2d at 111; *Nev.*

17   *Power Co.,* 891 F. Supp. at 1416 n. 3 ("[T]his court is not convinced that any such "special

18   relationship" existed between the parties here.  This was nothing more than a straightforward

19   commercial transaction between two corporations for the purchase of electrical equipment.  The

20   relationship here, such as it was, was simply that of vendor-vendee.").

21        Here, the Second Amended Complaint does not allege any special relationship between

22   the parties.  Although Plaintiff asserts that Defendants had a duty to disclose when it responded

23   to Plaintiff's request for proposal, Plaintiff does not allege any undisclosed facts in existence at

24   the time Defendants submitted its response.  Rather, Plaintiff alleges undisclosed facts that

25   came into existence after Defendants responded to Plaintiff's request, and Plaintiff cites no

binding authority establishing that Defendants had an ongoing duty to disclose after submitting its response. (*See* Second Am. Compl. ¶¶ 70–80).  Moreover, Plaintiff makes the blanket assertion that one or more of the provisions contained in Section 551(2) of the Restatement (Second) of Torts applies in this case.  However, Plaintiff does not explain whether Nevada courts recognize this section of the Restatement or how such provisions may apply to the facts in this case.  Accordingly, Plaintiff's Second Amended Complaint fails to allege facts sufficient to establish that there was any necessary special relationship between the parties, giving rise to a duty to disclose.  Therefore, the Court grants Defendants' Motion to Dismiss as to Plaintiff's claim of fraudulent concealment. (*See* Second Am. Compl. ¶ 104).

### 6. Whether Nevada's three-year statute of limitations bars the statements at issue.

Finally, Defendants assert that "[e]very statement that LVMPD now claims were false when they were included in M/A-Com's September 1, 2005 Proposal are in fact barred by Nevada's three-year statute of limitations." (Mot. to Dismiss 41:20–22 (citing Nev. Rev. Stat. § 11.190(3)(d))).  Claims for fraud have a three-year statute of limitations that runs from the discovery of the facts constituting the fraud. Nev. Rev. Stat. § 11.190(3)(d).  Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim may lie. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).  If, however, the running of the statute of limitations cannot be determined from the face of the complaint, a motion for summary judgment is the proper avenue for determining whether a cause of action is time barred. *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206–07 (9th Cir. 1995).  Finally, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citing *Conley v. Gibson,* 355 U.S. 41, 78 (1957)).

Here, the Court cannot determine from the face of the Second Amended Complaint, or the exhibits incorporated by reference therein, the precise date on which Plaintiff's fraud claim accrued. Accordingly, the Court cannot, at this point in the proceedings, conclude that Plaintiff can prove no set of facts that would establish the timeliness of this claim. Therefore, the Court denies Defendants' Motion to Dismiss as to this claim on this basis.

## C. Breach of Implied Warranties

Plaintiff's Second Claim for Relief asserts breach of contract. As part of this claim, Plaintiff alleges that "Defendants failed to satisfy the implied warranty of merchantability as the radio system that was sold to LVMPD was not fit for ordinary use," and "Defendants failed to satisfy the implied warranty of fitness for a particular purpose as the radio system that was sold to LVMPD was not fit to be used and/or relied upon by a metropolitan police department such as LVMPD." (Second Am. Compl. ¶¶ 115–16).

Defendants assert that "[b]oth of these claims fail as a matter of law and should be dismissed with prejudice." (Mot. to Dismiss 44:4) More specifically, Defendants assert that the Warranty provision in the Contract "effectively disclaimed such warranties." (*Id.* 44:12–14). The Warranty provision provides as follows:

> THE WARRANTIES AND REMEDIES SET FORTH IN THIS SECTION AND IN THE SOFTWARE LICENSE AGREEMENT EXHIBIT D…CONSTITUTE THE ONLY WARRANTIES WITH RESPECT TO THE HARDWARE, SOFTWARE AND SERVICES AND THE OWNER'S EXCLUSIVE REMEDIES IN THE EVENT SUCH WARRANTIES ARE BREACHED. THEY ARE IN LIEU OF ALL OTHER WARRANTIES WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED, OR STATUTORY INCLUDING, WITHOUT LIMITATION, THE WARRANTY OF MERCHANTABILITY AND THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

(Ex. 2 to Second Am. Compl. at 13, ECF No. 35-3).

Under the Nevada Uniform Commercial Code ("UCC"), "there is an implied warranty

that a good is merchantable and suitable for a particular purpose." *Vacation Vill., Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 747 (Nev. 1994) (citing Nev. Rev. Stat. §§ 104.2314–2315). Although warranty exclusions are permitted to allow parties to bargain to allocate the risk of loss, warranty exclusions generally are disfavored. *Sierra Diesel Injection Serv., Inc. v. Burroughs Corp., Inc.,* 890 F.2d 108, 113 (9th Cir. 1989) (applying Nevada law). The Nevada UCC defines the requirements for a valid exclusion of implied warranties:

> [T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

Nev. Rev. Stat. § 104.2316(2).

A "conspicuous" term is defined as one "so written, displayed or presented that a reasonable person against which it is to operate ought to have noticed it." *Id.* § 104.1201(j). Conspicuous terms include the following:

> (1) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font or color to the surrounding text of the same or lesser size; and
> (2) Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

*Id.* Whether a term is "conspicuous" is a decision for the Court. *Id.*

The Court finds that the Warranty provision in the Contract effectively disclaimed the warranty of merchantability and the warranty of fitness for a particular purpose. Because the heading is capitalized and underlined, the language in the body of the provision is set in all capitals, and the language specifically mentions fitness and merchantability, a reasonable

person against which it is to operate ought to have noticed it. *See Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 656 (Nev. 1973).  Accordingly, the disclaimer is conspicuous and therefore, Plaintiff's claims of breach of implied warranties fails as a matter of law. Therefore, the Court will grant Defendants' Motion to Dismiss as to these claims.

### D.   Declaratory Relief

Plaintiff's Fourth Claim for Relief "seeks a declaration (1) that Defendants have breached their contract with LVMPD; or, alternatively, (2) that LVMPD has not accepted the contract for the contract for the construction and installation of the radio system in question (or that acceptance has been properly revoked); and (3) in either event, delineates the rights of the parties concerning any matters, issues or disputes raised by this Complaint." (Second Am. Compl. ¶ 133).  However, declaratory relief is merely a remedy, not a stand-alone cause of action. *See Antaredjo v. Nationstar Mortg.*, 2:13–cv–1532–JCM–CWH, 2014 WL 298810, at *3 (D. Nev. Jan. 27, 2014); *Nguyen v. Washington Mut. Bank, N.A.*, 2:11–cv–1799–LRH–NJK, 2013 WL 3864110, at *2 (D. Nev. July 24, 2013).  Indeed, Plaintiff has also listed declaratory relief as requested relief in its Second Amended Complaint. (Second Am. Compl. 33:2). Accordingly, the Court will grant Defendants' Motion to Dismiss as to this claim.

### E.   Unjust Enrichment

Plaintiff's Fifth Claim for Relief alleges that, "[p]led in the alternative pursuant to Federal Rule of Civil Procedure 8, Defendants have been unjustly enriched by LVMPD in the amounts LVMPD paid Defendants." (Second Am. Compl. ¶135).  Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, (Nev. 1997).  An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*  The doctrine of unjust enrichment thus only "applies to

situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* (quoting 66 Am. Jur. 2d Restitution § 11 (1973)).

Plaintiff asserts that "[c]ourts have recognized that 'where a plaintiff claims that a contract is invalid because it was procured by fraud, the plaintiff may concurrently assert a breach of contract claim and an unjust enrichment claim.'" (Response 45:18–22 (citing *B&F Product Development, Inc. v. Fasset Products, LLC*, 880 N.Y.S.2d 222 (N.Y. Sup. Ct. 2009)). However, Plaintiff cites authority from other courts and provides no binding authority to support its assertion. The law of Nevada is clear—where there is an express written agreement, a party may not assert a claim for unjust enrichment. Accordingly, because there is an express written agreement between the parties, the Court will grant Defendants' Motion to Dismiss as to that claim.

### F.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

Of the three claims that the Court has granted Defendants' Motion to Dismiss, the Court finds that only one claim could be cured by the allegation of other facts. First, the Court finds that leave to amend Plaintiff's claim of declaratory relief would be futile. Second, the Court finds that leave to amend Plaintiff's claim of breach of implied warranties would also be futile.

Accordingly, these two claims are dismissed with prejudice.  Therefore, the Court grants Plaintiff leave to amend for the sole purpose of alleging facts sufficient to support a claim of fraudulent concealment.

Plaintiff shall file its third amended complaint **by Tuesday, March 17, 2015**, only if it can allege sufficient facts that plausibly establish a claim of fraudulent concealment.  Failure to file a second amended complaint by this date shall result in the Court dismissing Plaintiff's fraudulent concealment claim with prejudice.

**IV.      CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED in part** and **DENIED in part**.  Plaintiff's claim of **fraudulent concealment** is **DISMISSED without prejudice** with leave to amend.  Furthermore, Plaintiff's claims of **breach of implied warranties and declaratory judgment** are **DISMISSED with prejudice**. Moreover, Defendants' Motion to Dismiss is **DENIED** as to the remainder of Plaintiff's claim of fraud.

**IT IS FURTHER ORDERED** that Plaintiff shall file its third amended complaint **by Tuesday, March 17, 2015**.  Failure to file a third amended complaint by this date will result in the Court **DISMISSING** Plaintiff's claim of fraudulent concealment **with prejudice**.

**DATED** this 3rd day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge