JEFF SILVESTRI, ESQ. (NSBN 5997)
KRISTEN T. GALLAGHER, ESQ. (NSBN 9561)
ADAM HOSMER-HENNER, ESQ. (NSBN 12779)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
jsilvestri@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com
ahosmerhenner@mcdonaldcarano.com

*Attorneys for Defendants Harris Corporation,*
*M/A Com, Inc, TE Connectivity Ltd., TE*
*Connectivity Inc., TE Connectivity Networks,*
*Inc., Tyco Electronics Corporation, and*
*Tyco Electronics, Ltd.*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT<br><br>Plaintiffs,<br><br>vs.<br><br>HARRIS CORPORATION; M/A COM, INC.; TE CONNECTIVITY LTD.; TE CONNECTIVITY INC.; TE CONNECTIVITY NETWORKS, INC.; TYCO ELECTRONICS CORPORATION; TYCO ELECTRONICS, LTD.; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01780-GMN-VCF<br><br>**DEFENDANTS' MOTION TO DISMISS FRAUDULENT CONCEALMENT CLAIM IN THIRD AMENDED COMPLAINT**<br><br>**AND**<br><br>**MOTION TO STRIKE CERTAIN ALLEGATIONS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Harris Corporation ("Harris"), M/A Com, Inc. ("M/A-Com"), TE Connectivity, Ltd., TE Connectivity, Inc., Tyco Electronics Corporation, and Tyco Electronics, Ltd. (collectively, "Defendants"), file this motion to dismiss plaintiff Las Vegas Metropolitan Police Department's ("LVMPD") fraudulent concealment claim in the Third Amended Complaint (the "TAC") because it still fails to state a claim for relief. Additionally, pursuant to Rule 12(f), Defendants move to strike certain allegations from the TAC that violate the parameters of the Court's March 3, 2015 Order

1    ("Order") (Dkt. 70), are immaterial or impertinent, or are otherwise improper under recognized

2    pleading standards.

3          This Motion is based upon the record in this matter, the Memorandum of Points and

4    Authorities that follow, and any argument of counsel entertained by the Court.

5          DATED this 3rd of April, 2015.

6                                                     McDONALD CARANO WILSON LLP

7                                         By: /s/ Jeff Silvestri
                                             Jeff Silvestri, Esq. (NSBN 5779)
8                                            Kristen T. Gallagher, Esq. (NSBN 9561)
                                             Adam Hosmer-Henner, Esq. (NSBN 12779)
9                                            2300 W. Sahara Avenue, Suite 1200
                                             Las Vegas, NV 89102
10                                           Telephone:  702.873.4100
                                             Facsimile:  702.873.9966
11                                           jsilvestri@mcdonaldcarano.com
                                             kgallagher@mcdonaldcarano.com
12                                           ahosmerhenner@mcdonaldcarano.com

13                                           *Attorneys for Defendants Harris Corporation,
                                             M/A Com, Inc., TE Connectivity Ltd., TE
14                                           Connectivity Inc., TE Connectivity Networks, Inc.,
                                             Tyco Electronics Corporation, and Tyco
15                                           Electronics, Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.  INTRODUCTION

3
LVMPD asserted a fraudulent concealment theory in its Second Amended Complaint,

4
and this Court dismissed that claim on the basis that LVMPD did not allege sufficient facts to

5
establish that a special relationship – an essential element of that cause of action – exists

6
between the parties that required affirmative disclosure.  Order at 11:1-11:22.  The Court

7
further found LVMPD had not pled "any undisclosed facts existing at the time Defendants

8
submitted their response" that would have supported its claim.  Order at 11:22-24.  Finally, this

9
Court concluded that the only facts alleged were undisclosed facts that came into existence after

10
Defendants responded to LVMPD's request, and that LVMPD had not cited any binding

11
authority to establish that Defendants had an ongoing duty to disclose after submitting its

12
response.  Order at 11:24-12:2.  As a result, this Court dismissed the fraudulent concealment

13
claim with leave to amend "for the *sole purpose* of alleging facts sufficient *to support a claim of*

14
*fraudulent concealment.*"  Order at 17:1-3.

15
Despite this Court's very specific direction, LVMPD's Third Amended Complaint

16
("TAC") does not satisfy any of the Court's directives or cure any of the deficiencies that

17
previously existed.  LVMPD does not make any new factual allegation that demonstrates a

18
special relationship, which is dispositive to the claim and again requires dismissal.  Moreover,

19
the TAC does not include any undisclosed facts that existed at the time of Defendants' response

20
to the request for proposal ("RFP").  Rather, the TAC only includes more of the same kind of

21
purportedly undisclosed facts that came into existence *after* the Defendants' submission of a

22
response to the RFP that this Court has already ruled do not support a claim for fraudulent

23
concealment as a matter of law.  Id at 11:24-12:2.  Because LVMPD has not established a

24
special relationship or asserted any non-disclosure that existed prior to the submission of

25
Defendants' response, it has failed to satisfy the Order's requirements and the claim should be

26
dismissed with prejudice.

27
Defendants also move to strike those impertinent and inflammatory allegations that

28
violate the March 3, 2015 Order providing LVMPD with clear direction as to the permissible

1   scope of an amended pleading "for the *sole purpose* of alleging facts sufficient *to support a*

2   *claim of fraudulent concealment.*"  Order at 17:1-3 (emphasis added).  Further, rather than

3   alleging new material facts, LVMPD has taken the bizarre step of citing to case law within its

4   pleading in an apparent attempt to obtain reconsideration of the Court's Order. *See, e.g.,* TAC ¶

5   106 n. 26.  The Court should strike LVMPD's legal argument and conclusory assertions

6   because they are improper and cannot save a fraudulent concealment claim that is insufficient

7   as a matter of law.

8   **II.      STATEMENT OF FACTS**

9          The operative facts have been extensively discussed in prior briefing and only the key

10  facts for the purposes of this Motion are reproduced here.  The allegations in the TAC are

11  assumed to be true only for the purposes of this Motion.

12         In July 2005, LVMPD "began to formally explore the replacement of the radio system it

13  had been utilizing" and published a notice "which invited companies to make proposals

14  concerning the replacement of the radio system." TAC ¶¶ 10-11.  On September 1, 2005, M/A

15  COM submitted a proposal "to replace LVMPD's radio system." TAC ¶ 15.  LVMPD and M/A

16  COM entered into a contract in 2006.  TAC ¶ 40.  Subsequently, "[i]t took several years for the

17  radio system infrastructure to be built," and "[a]mong other things, towers had to be constructed

18  at various remote sites in or about the Las Vegas Valley." TAC ¶ 42.  "In 2009, an assignment

19  occurred between M/A COM and Harris, whereby Harris assumed M/A COM's duties, and/or

20  other obligations." *Id.* ¶ 5.

21         LVMPD paid Defendants "in excess of $40 million in connection with Defendants'

22  radio system" between 2006 and 2015 with additional payments occurring each year.  TAC ¶

23  105. After the execution of the contract, LVMPD alleges that "Defendants continued to make

24  misrepresentations and/or concealed material matters over the time that LVMPD was spending

25  millions." TAC ¶ 71.  These misrepresentations/concealments can be divided into two general

26  categories: (1) Defendants' experience in other jurisdictions with other clients and (2)

27  Defendant's internal technical testing results.

28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

1    In the first category, LVMPD alleges that issues with Defendants' radio systems arose

2    in other jurisdictions *after the execution of the LVMPD contract in 2006* and that this

3    information was concealed.  LVMPD alleges that "[o]ut of the seven contracts identified in the

4    Proposal as an example of OpenSky as a 'communications system solution,' five had significant

5    problems.   Two even cancelled the contract for OpenSky.   None of this information was

6    communicated to LVMPD by Defendants." TAC ¶ 76.  In the same manner, LVMPD further

7    asserts:

> Indeed, during the first five months of 2010, hundreds of radio trouble reports were submitted to the Milwaukee Police Department complaining about radio failure. These facts were never communicated to LVMPD. TAC ¶ 71.

> Despite the claim that "OpenSky is a fully interoperable digital communications solution" for the Commonwealth of Pennsylvania and that the system is "on budget," the truth is that the Pennsylvania system was over budget and had experienced "2,000 system outages." Specifically, the contract price was $179 million when approved and the cost as of 2012 was $368 million. These facts were never communicated to LVMPD. Recently, the Commonwealth of Pennsylvania announced that due to ongoing problems faced by state police and other users, OpenSky is being replaced. TAC ¶ 72.

> Despite the claim that "OpenSky is a fully interoperable digital communications solution" for the State of New York, the truth is that the New York system was a total failure.  In 2009, the State of New York Office of Information Technology Services issued a statement that M/A COM "failed to deliver a satisfactory and acceptable public safety communications network and is in default of the contract."  The State terminated its contract with M/A COM in 2009.  These facts were never communicated to LVMPD. TAC ¶ 73.

> Despite the claim that "OpenSky is a fully interoperable digital communications solution" for Lancaster County, the truth is that the Lancaster County system was a disaster.  Work on the system "progressed slowly" and "OpenSky, project managers found problems with the way the system operated."   The County terminated its contract for Open Sky in March 2008.  These facts were never communicated to LVMPD. TAC ¶ 74.

> Despite the claim that "OpenSky is a fully interoperable digital communications solution" for Cumberland County, the truth is that the Cumberland County system had significant dead zones, garnering 600 complaints in 1 year.  These facts were never communicated to LVMPD. TAC ¶ 75.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

The Court already considered these allegations and ruled they did not substantiate a special relationship. SAC ¶¶ 71-75.

In the second category (Defendant's internal technical testing results),[1] LVMPD alleges that Defendants obtained additional information about their own systems *after the time of contracting in 2006* and failed to communicate this information to LVMPD.

> Further, Defendants initially tested the radio hardware that was ordered by LVMPD in 2008/2009 and those tests revealed failure rates between 30% and 50% (depending on the test).  TAC ¶ 120.

> These failure rates for new radios were not communicated to LVMPD in April 2009 when Defendants learned of these errors, and before LVMPD would spend over $13 million on radio equipment over the following two months.  TAC ¶ 121.

> Internal records from the Defendants identify several "critical issues" with the radio system in April 2010 (before installation of the system was even complete).  TAC ¶ 122.

> Defendants did not properly disclose to LVMPD these results of Defendants' internal review before yet additional purchases were made.  TAC ¶ 124.

Regardless of the category of purported non-disclosure, all of the foregoing factual allegations relate to information that Defendants acquired *after the time of contracting* when LVMPD alleges that the representations and promises about the radio systems were made. *However, there are no new factual allegations that relate to the nature of the relationship between LVMPD and Defendants.*

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

---

[1]  The allegations concerning purported concealment of internal testing results of the radio system is a brand new theory that appears for the first time in the TAC.  LVMPD did not seek leave to expand their allegations, but were instead allowed leave to plead factual allegations concerning a special duty.  As requested below in Section V, the Court should strike these allegations as non-compliant with the Court's Order.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

1  give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

2  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   In considering whether the

3  complaint is sufficient to state a claim, all material allegations should be taken as true and

4  construed in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d

5  896, 898 (9th Cir. 1986).   The Court, however, is not required to accept as true allegations that

6  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.   *See*

7  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).   A formulaic recitation

8  of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts

9  showing that a violation is plausible, not just possible.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10  (2009) (citing *Twombly*, 550 U.S. at 555).

11  **B.    Rule 12(f) Standard.**

12  Courts may strike any insufficient defense or any redundant, immaterial, impertinent, or

13  scandalous material from any pleading.  FRCP 12(f).  Immaterial matter "is that which has no

14  essential or important relationship to the claim for relief or the defenses being pleaded." *Cal.*

15  *Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal.

16  2002) (internal citations and quotations omitted).   Impertinent material "consists of statements

17  that do not pertain, or are not necessary to the issues in question." *Smith v. Levine Leichtman*

18  *Capital Partners, Inc.*, 723 F. Supp. 2d 1205, 1212 (N.D. Cal. 2010).   If proof regarding an

19  allegation in a pleading cannot be received at trial, then the matter is immaterial and impertinent

20  within the meaning of Rule 12(f).   *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir.

21  1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023

22  (1994); *Comm. Concerning Cmty. Imp. v. City of Modesto*, No. CV-F-04-6121 LJO DLB, 2011

23  WL 9635, *8 (E.D. Cal. Jan. 3, 2011) (striking allegations where plaintiff voluntarily dismissed

24  claim; assertions had no bearing on the subject matter, and could lead to confusion and

25  unnecessary expenditure of time and effort).   Finally, scandalous matter includes "allegations

26  that cast a cruelly derogatory light on a party or other person." *U-Haul Co. of Nevada v.*

27  *Gregory J. Kamer, Ltd.*, No. 2:12-CV-00231-KJD, 2013 WL 800695, at *1 (D. Nev. Feb. 21,

28  2013).

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

7

IV.   **THE FRAUDULENT CONCEALMENT THEORY IS UNSUSTAINABLE AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE**

There are no additional allegations in the TAC that differ from those in the SAC regarding the relationship between LVMPD and Defendants.   Plaintiffs have failed to allege the existence of a fiduciary or special duty with Defendants, and as such the claim must be dismissed as a matter of law.

A.    **The Fraudulent Concealment Claim is Unsupportable Without the Existence of a Special Relationship.**

This Court has already concluded that a claim for fraudulent concealment requires that the defendant must have been under a duty to disclose facts to the Plaintiff. Order at 11:1 (citing *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995).  Plaintiffs did not allege such a special duty in the SAC and again have failed to do so in the TAC.

To restate from this Court's Order at page 11, "Nevada generally does not recognize an action for fraud based on nondisclosure." *Tai-Si v. Kearney*, 838 F. Supp. 2d 1077, 1099 (D. Nev. 2012); *see also Epperson v. Roloff*, 719 P.2d 799, 803–04 (Nev. 1986) (noting the "general rule" that "an action in deceit will not lie for nondisclosure"). However, a duty to disclose may arise from the parties' relationship. *Baroi v. Platinum Condo. Dev., LLC*, No. 2:09-cv-00671-PMP, 2012 WL 2847919, *8 (D. Nev. July 11, 2012).   The Nevada Supreme Court has held that the duty to disclose "requires, at a minimum, some form of relationship between the parties." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *see* Order at 11:3-9. A duty to disclose arises where there is a fiduciary relationship or where there is a "special relationship," such that the complaining party imparts special confidence in the defendant and the defendant reasonably knows of that confidence. *Id.*

The Nevada Supreme Court has only recognized a "special relationship" in a few circumstances: real estate agents/buyers, insurers/insureds, trustees/beneficiaries, and attorneys/clients.   Order at 11:10-15 (citing *Nevada Power Co.*, 891 F. Supp. at 1416 n. 3; *Giles v. General Motors Acceptance Corp*, 494 F.3d 865, 881 (9th Cir. 2007).  It is well-settled

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

1    that there is no special relationship between parties to an arms-length transaction where each

2    party has its separate economic self-interests. *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982).

3        Moreover, this Court has also already concluded that simply manufacturing or selling an

4    alleged defective product is not enough to support the required relationship. Order at 11:15-16

5    (citing *Dow Chem. Co. v. Mahlum*, 970 P.2d at 111; *Nev. Power Co.* 891 F. Supp. at 1416 n.3

6    ("[T]his court is not convinced that any 'special relationship' existed between the parties here,

7    This was nothing more than a straightforward commercial transaction between two corporations

8    for the purchase of electrical equipment. The relationship here, such as it was, was simply that

9    of vendor-vendee")); *see also Peri & Sons Farms, Inc. v. Jain Irr., Inc.*, 933 F. Supp. 2d 1279,

10   1292-93 (D. Nev. 2013), ("simply manufacturing or selling an alleged defective product is not

11   enough to support the required [special] relationship."); *see also In re All Terrain Vehicle Litig.*,

12   978 F.2d 1265 (9th Cir. 1992), ("Manufacturing and offering a product for sale with knowledge

13   of a defect is not a fraudulent misrepresentation; at best, it is a failure to disclose. A fraudulent

14   concealment claim must rest upon an independent fiduciary or statutory duty to disclose owed

15   to the party seeking relief.") (citations omitted).[2]

16   **B.    LVMPD Did Not Provide Any Additional Allegations Concerning the Existence of a Fiduciary or Special Relationship With Defendants.**

17

18       LVMPD did not include any new allegations that demonstrate a special or fiduciary

19   relationship exists (i.e. real estate agents/buyers, insurers/insureds, trustees/beneficiaries, and

20   attorneys/clients), or that this was anything other than an arms-length transaction between two

21   sophisticated parties.   LVMPD is undoubtedly a sophisticated governmental entity with

---

[2] Courts from outside of Nevada and the Ninth Circuit concur that an arms-length commercial transaction does not create the "special relationship" needed to support a claim for fraudulent concealment. *See Success Universal Ltd. v. CWJ Int'l Trading, Inc.*, No. 95 CIV 10210 (DLC), 1996 WL 535541, at *6 ("[c]onventional business relationships do not ordinarily create fiduciary relationships" and that a "buyer-seller relationship in an arms-length transaction, therefore, does not give rise a fiduciary relationship, or to the kind of special relationship required to create a duty to disclose" (analyzing a situation where the business partners had entered into a contract to purchase textiles)); *see also SuperValu Inc. v. Associated Grocers, Inc.*, 428 F. Supp. 2d 985, 996 (D. Minn. 2006) ("When the parties are sophisticated business entities engaged in arm's length negotiations, there is no duty to disclose."); *Hashimoto v. Clark*, 264 B.R. 585, 595 (D. Ariz. 2001) ("A special relationship connotes more than a customary, arm's-length transaction."); *Lewin v. Long*, 70 F. Supp. 2d 534, 547 (D.N.J. 1999) ("However, mere subjective trust between parties during negotiations does not, as a matter of law, transform an arms-length dealing into a fiduciary relationship.") (quotation omitted).

1   significant experience in procurement.  It issued a comprehensive Request for Proposal, TAC ¶

2   12, and was represented by knowledgeable consultants.  In the TAC itself, LVMPD outlines

3   sixteen requirements for a new radio system including "a method of managing the programming

4   and configuration of the entire fleet 'over the air.'" TAC ¶ 12.  LVMPD also stated that it has a

5   "staff of ten (10) technicians and six (6) installers that shall be dedicated to support the

6   maintenance requirements" of the new radio system." *Id.*   Defendants are sophisticated

7   companies with substantial experience in the provision of radio systems to government entities.

8   There can be no doubt that the ultimate contract entered into between these two parties was an

9   arms-length transaction negotiated by sophisticated business entities.

10      LVMPD does not plead facts that would give rise to a fiduciary duty or special

11   relationship between parties to this type of transaction.   LVMPD only conclusorily asserts that

12   Defendants owed "various duties throughout the course of their dealings with LVMPD" (TAC ¶

13   106) but it provides no explanation of what those duties are or what special relationship exists

14   that gives rise to such duties.  The Court need not accept or consider these unsupported legal

15   conclusions.  *See Sprewell*, 266 F.3d at 988.   Additionally, LVMPD has not made any

16   allegation in the TAC that suggests Defendants have an independent statutory duty separate and

17   apart from the 2006 contract.

18      All LVMPD does in the TAC is expand on the same factual predicate that was presented

19   in the SAC.  LVMPD alleges that Defendants knew that the "relationship with LVMPD was

20   going to span a number of years." TAC ¶ 103.  Additionally, the TAC contains information

21   about the timing of the payments to Defendants. TAC ¶¶ 104-105.  An arms-length transaction

22   implemented over the course of several years is still an arms-length transaction.  The promises

23   and representations that LVMPD alleges it relied upon were contained in Defendants' proposal.

24   TAC ¶ 16 (alleging that the representations and statements in the proposal "induced the

25   decision to purchase a radio system from M/A Com") LVMPD cannot pluck dates from thin air

26   in an attempt to create a theory based on a continuous and ongoing series of representations by

27   Defendants.

28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

McDONALD•CARANO•WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

1   LVMPD has failed to allege facts to show that this was anything other than an arms-

2   length commercial transaction.  The Nevada Supreme Court, this Court, the Ninth Circuit Court

3   of Appeals and courts from around the country all agree that a commercial arms-length

4   transaction does not give rise to a special relationship that creates a duty to disclose.  The

5   failure to allege facts that show any fiduciary or special duty requires dismissal of the

6   fraudulent concealment claim.

7                   **C.**       **LVMPD's Failure to Comply With the Court's Order Results in Dismissal With Prejudice.**

8

9   This Court ordered that LVMPD's failure to file a complaint alleging "sufficient facts

10  that plausibly establish a claim of fraudulent concealment" by a certain date "shall result in the

11  Court dismissing Plaintiff's fraudulent concealment claim with prejudice.  Order at 17.  As

12  LVMPD still has not adequately pleaded its fraudulent concealment claim, dismissal with

13  prejudice is appropriate.

14  **V.**      **THE COURT SHOULD STRIKE LVMPD'S NEW ALLEGATIONS BECAUSE THEY DO NOT COMPLY WITH THE COURT'S ORDER AND ARE OTHERWISE IMPROPER**

15

16  The Order was explicit that LVMPD's leave to amend was limited to pleading "facts

17  sufficient to establish that there was any necessary special relationship between the parties,

18  giving rise to a duty to disclose," Order 12:6-8,  and further provided LVMPD the appropriate

19  path to amend with "undisclosed facts in existence at the time Defendants submitted its

20  response." *Id.* 11:23-24.  Nevertheless, LVMPD ignored these restrictions and instead filed a

21  TAC that exceeds the permitted scope by including (1) a new theory premised on the

22  concealment of information concerning internal radio system testing; (2) information

23  immaterial or impertinent to pleading the existence of a special duty, or (3) allegations that are

24  undoubtedly meant to be inflammatory. *See, e.g.,* TAC ¶¶ 104, 114-131.

25  Additionally, the TAC contains citations to legal authority that makes the pleading read

26  like a legal brief.  Specifically, footnotes 20, 22-32, 34, and 41-42 contain citations to case law,

27  statutes and other legal references.  The inclusion of this information in a pleading will hamper

28  Defendants' ability to respond to the pleading.  For this reason, courts have stricken this type of

1   rhetoric from a pleading.  Defendants respectfully request that the Court do so as well so that

2   the TAC conforms to the pleading requirements of Rules 8(a) and 9(b), but does not include

3   extraneous information that will make this litigation unwieldy.

      **A.     LVMPD's Amendments Exceed the Scope of the Court's Order and Its Immaterial and Impertinent Comments Should Be Stricken.**

6   Newly added Paragraphs 101-132 violate the terms of the Order and do not otherwise

7   establish entitlement to relief under a fraudulent concealment theory.  For example, in

8   Paragraph 103 of the TAC, LVMPD asserts that "Defendants knew that its relationship with

9   LVMPD was going to span a number of years."  This "fact" can already be gleaned from

10  allegations that existed in prior iterations of the complaint.  *See e.g.* SAC ¶¶ 42-43 (including

11  the allegation that "[i]t took several years for the radio system infrastructure to be built."); TAC

12  ¶¶ 42-43 (same).  LVMPD also adds allegations that provide its schedule of expenditures from

13  2006 through 2012, TAC ¶¶ 104-105, or are merely legal conclusions, *id.* at ¶¶ 106-108.  None

14  of these examples conforms to the Court's directive that permitted LVMPD leave to amend

15  with "undisclosed facts in existence at the time Defendants submitted its response[]" (*id.* at

16  11:23-24), nor do they constitute allegations establishing a special relationship.  *Id.* Paragraphs

17  101-132 do not comport with the Order and Defendants respectfully request an Order striking

18  those allegations.

19  Some of the new allegations can also be described as self-serving commentary meant to

20  inflame.  More importantly, however, the allegations are immaterial to any of LVMPD's

21  asserted claims and should be stricken.  For example, in Paragraph 131, LVMPD alleges:

> In the limited discovery conducted to date, Defendants have selectively redacted <u>significant amounts of information</u> referring to the failures of Defendants' systems in other jurisdictions. Such redactions impair Plaintiff's ability to demonstrate Defendants' knowledge, state of mind and timing of knowledge regarding the failures of their system.

26  TAC ¶ 131.  LVMPD's allegation about Defendants' redactions has no place in the TAC

27  because Defendants have made those redactions in conformity with the parties' agreement and

28  the Court's Discovery Plan and Scheduling Order ("Discovery Plan"):

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

> Plaintiff desires to conduct discovery on similar projects implemented by Defendants in other jurisdictions. Defendants believe the requested discovery should be denied or substantially limited. This matter is likely to be further briefed at a future date. *At this time, the matter is not ripe for resolution.*

*See* March 25, 2014 Discovery Plan 5, n.1 (emphasis added).  LVMPD has not established entitlement to discover information about Defendants' other projects, nor can it establish that a special duty exists in the first place.  Additionally, LVMPD has never brought this issue to the Court's attention; therefore, it remains that "the matter is not ripe for resolution."  *Id.* LVMPD's inclusion of this matter in the TAC does nothing to establish a special duty, thus, it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1032.  Similarly, this allegation is impertinent to the case because it contains statements that "that do not pertain, or are not necessary to the issues in question." *Smith*, 723 F. Supp. 2d at 1212.

LVMPD also asserts "Discovery is underway and has revealed that Defendants knew much more about the problems with the radio system than what was disclosed to LVMPD." TAC ¶ 155, n.38.  This self-interested commentary and comments like the one in Paragraph 131 are only meant to cast Defendants in a bad light.  Because these observations are extraneous to the TAC, the Court should enter an order striking them.

**B.      The Court Should Strike All Legal Citations and Arguments Contained in the TAC.**

The TAC reads like a legal brief complete with legal argument and citation to case law. This is improper because these kinds of allegations "essentially constitute legal argument and/or legal conclusions and have no place in a complaint." *Jones v. Kern High Sch. Dist.*, No. CVF-07-1628 OWW/TAG, 2009 WL 35708, at *1 (E.D. Cal. Jan. 6, 2009); *Delorean v. First Horizon Home Loans*, No. 10–3021–CL, 2011 WL 7505901, *1 (D. Or. Dec. 2, 2011) ("conclusory statements supported by quotations to case law…does not include the necessary specific factual allegations to allow the court to determine how these specific defendants allegedly harmed plaintiff."); *Rector v. Toyota Motor Credit Corp.*, No. 2:13-CV-0400 GEB

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

KJN, 2013 WL 2151654, at *2 (E.D. Cal. May 16, 2013) ("simply citing to or quoting from federal statutes *without also including supporting factual allegations* is not sufficient to state claims under those statutes."). The *Jones* court explained that allegations of this sort "make reading and analyzing the pleading very difficult [because the assertions] cannot be admitted or denied by the Defendants." *Id.* There, the *Jones* court granted a motion to strike legal authority contained in a complaint and again when the plaintiff failed to follow the court's earlier order directing him to omit such legal citations. *Id.*

Here, in an unsubstantiated effort to justify its fraudulent concealment claim, LVMPD has referenced significant legal authority in the TAC. *See* TAC nn. 20, 22-32, 34, and 41-42. LVMPD's failure to follow the Order and allege "undisclosed facts in existence at the time Defendants submitted its response" is not cured by bald legal citations. Like the *Jones* court, this Court should reject these efforts. Accordingly, Defendants respectfully request that the Court strike the legal references found in footnotes 20, 22-32, 34, and 41-42.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss LVMPD's claim for fraudulent concealment with prejudice. Additionally, Defendants request the Court strike Paragraphs 101-132 and footnotes 20, 22-32, 34, and 41-42 of the Third Amended Complaint.

DATED this 3rd day of April, 2015.

McDONALD CARANO WILSON LLP

By: */s/ Jeff Silvestri*
    Jeff Silvestri, Esq. (#5779)
    Kristen T. Gallagher, Esq. (#9561)
    Adam Hosmer-Henner, Esq. (#12779)
    2300 W. Sahara Avenue, #1200
    Las Vegas, Nevada 89102
    jsilvestri@mcdonaldcarano.com
    kgallagher@mcdonaldcarano.com
    ahosmerhenner@mcdonaldcarano.com

*Attorneys for Defendants Harris Corporation, M/A Com, Inc, TE Connectivity Ltd., TE Connectivity Inc., TE Connectivity Networks, Inc., Tyco Electronics Corporation, and Tyco Electronics, Ltd.*

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

14

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 3rd day of April, 2015 I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS FRAUDULENT CONCEALMENT CLAIM IN THIRD AMENDED COMPLAINT AND MOTION TO STRIKE CERTAIN ALLEGATIONS** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

James E. Whitmire, Esq. (NSBN 6533)
James M. Jimmerson (NSBN 12599)
SANTORO WHITMIRE
10100 West Charleston Blvd., Suite 250
Las Vegas, NV 89135
Telephone: 702.948.8771
Facsimile: 702.948.8773
jwhitmire@santoronevada.com
jjimerson@santoronevada.com

*Attorneys for Las Vegas Metropolitan Police Department*

/s/     Sally Wexler
An employee of McDonald Carano Wilson LLP

416380